# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFE DRIVING TECHNOLOGIES LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant. | Civil Action No. 21-cv-64-MN<br><br>**JURY TRIAL DEMANDED** |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Court's Scheduling Order (D.I. 21), the parties provide the following Joint Claim Construction Chart for terms found in the asserted claims of U.S. Patent No. 9,047,170 ('170 Patent), U.S. Patent No. 9,713,994 ('994 Patent), U.S. Patent No. 10,532,709 ('709 Patent), and U.S. Patent No. 8,301,108 ('108 Patent).

**AGREED CONSTRUCTIONS**

| Claim Term | Parties' Agreed Construction |
|---|---|
| first, second, third mode of operation ('709, claims 15 and 16) | first second and third modes of operation are each modes of operation that are different in some way from one another. |
| operate a first, a second, and a third set of telematics features ('709 claims 15 and 16) | the first, the second, and the third set of telematic features are different in some way from one another. |
| said at least one condition ('170 Patent, claim 2) | movement of the telematic device. |

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 1. | telematic device" ('994, '170, '108. Multiple claims) | a multifunction device capable integrating information, communication, computing and entertainment technologies into a vehicle. | '994 patent 1:21-27; 3 36-43; 6:24-33; 7:55-60.<br><br>'170 patent 1:16-25; 3:29-34; 6:13-17; 7:40-45<br><br>'108 patent 1:16-22; 3:27-31; 6:5-9; 7:32-35 | a telecommunications device such as a telephone, PDA, computer, blackberry, and the like. | 170 Patent: 9:27-30; 15:2-3; 16:64-17:21; claims<br><br>'994 Patent: 14:42-43; 16:57-62; claims<br><br>'108 Patent: 14:55-56; 15:52-55; 17:1-7; 16:51-56; claims |

2

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
|  |  |  | Figures 3-5 and associated description.<br><br>Provisional 60/336293 including page 2.<br><br>Provisional 60/390877 including page 5.<br><br>Any intrinsic evidence relied on by Defendant. |  | Any intrinsic evidence relied on by Plaintiff. |
| 2. | controller ('108, '994, multiple claims) | a component of or associated with the telematic device such as a microprocessor | '108 Patent 9:25-29; 10:10-35; 52-67; 11:1-5; 65-67, 12:1-63; 16:39-44; 19:10-67.<br><br>Reciprocal cites on '994..<br><br>Any intrinsic evidence relied on by Defendant. | Ford contends that this term does not require construction. To the extent the Court is inclined to construe the term, Ford contends that the plain and ordinary meaning of "controller" is "electronic circuitry that generates a control signal, such as a processor." | '108 Patent: claims; 21:10-15; 22:14-19;<br><br>'994 Patent: claims; 21:9-14; 21:63-22:20;<br><br>Any intrinsic evidence relied on by Plaintiff. |

3

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 3. | (software) application ('994, '170 multiple claims) | one or more software programs that run on a telematic device to produce a user accessible function | '994 Patent 11:1-65; 14:51-52; 16:27-38; 21:32-46.<br><br>Reciprocal cites on '170.<br><br>Any intrinsic evidence relied on by Defendant. | Ford contends that this term does not require construction. To the extent the Court is inclined to construe the term, Ford contends that the plain and ordinary meaning of "software application" and "application" is "computer program." | Any intrinsic evidence relied on by Plaintiff. |
| 4. | Sensing movement of the telematic device ('170) | Plain and Ordinary meaning | '170 patent 14:21-25l 15:1-19.<br><br>Figs. 3-5 and associated description.<br><br>Any intrinsic evidence relied on by Defendant. | sensing the state of motion of the telematic device, such as a telephone, PDA, computer and the like, as distinct from sensing the state of motion of the vehicle. | 170 Patent: 9:27-30; 15:2-3; 17:14-21; claim 31; claim 27; Fig. 5B and related text; 6:40-44; 14:21-27; 14:55-59; 21:3-21; 22:7-32<br><br>1/30/2013-Claims<br>9/4/2013-Requirement of Restriction<br>12/4/2013-Response to Election/Claims<br><br>Any intrinsic evidence relied on by Plaintiff. |

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 5. | denying the driver access to the input screen ('170 Patent, claim 6) | Plain and Ordinary meaning. | '170 Patent 2:21-32; 22-7-3.<br><br>Figs 3-5 and associated description.<br><br>Any intrinsic evidence relied on by Defendant. | Indefinite. This term lacks antecedent basis and cannot be construed in light of the specification because the specification does not disclose an "input screen," let alone denying the driver access to it as claimed. | Entire specification of '170 Patent.<br><br>Any intrinsic evidence relied on by Plaintiff. |
| 6. | communication device including at least a pager, a telephone, a global location sensor, a temporal sensor, an optical sensor, a heading sensor, a bearing sensor, and an altitude sensor ('994 Patent, claim 2) - | including at least one of a pager, a telephone, a global location sensor, a temporal sensor, an optical sensor, a heading sensor, a bearing sensor, and an altitude sensor, | '994 Patent 23:5-20.<br><br>Fig 5A and associated description.<br><br>Provisional 60/336293 including pages 18-22.<br><br>Provisional 60/390877 including pages 10-11.<br><br>Any intrinsic evidence relied on by Defendant. | the communication device includes all the following components: a pager, a telephone, a global location sensor, a temporal sensor, an optical sensor, a heading sensor, a bearing sensor, and an altitude sensor. | Original filed claims (11-15-2016); Claims from 3-20-2017; Claims from 5-11-2017<br><br>'994 Patent: 17:9-11; 21:62-22:20; Abstract<br><br>Any intrinsic evidence relied on by Plaintiff. |

5

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 7. | substantially the same information ('709 Patent, claim 16) | same or slightly different information which is limited by output format, *i.e.*, insubstantially different | '709 Patent 6:4-11; 7:12-29; 14:45 – 15:67<br><br>Provisional 60/336293 including pages 48-53.<br><br>Any intrinsic evidence relied on by Defendant. | Indefinite due to inability to determine metes and bounds of "substantially the same information." | 6/26/2019 Amendment Response to Office Action; original claims referenced therein; 9/25/2018 filed specification<br><br>'709 Specification and claims.<br><br>Any intrinsic evidence relied on by Plaintiff. |
| 8. | assess the sensed conditions as a function of thresholds for individual sensed conditions and as a function of at least one threshold for a combination of two or more sensed conditions ('108 Patent, claim 14) | Plain and Ordinary meaning | '108 Patent 19:10-21:7.<br><br>Figs. 3-5 and associated description.<br><br>Any intrinsic evidence relied on by Defendant. | Indefinite due to inability to determine the metes and bounds of: (i) the claimed "assessment,", and (ii) the two claimed "functions." | '108 Patent specification and claims.<br><br>Any intrinsic evidence relied on by Plaintiff. |

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendant's Proposed Construction | Defendant's Intrinsic Evidence |
|---|---|---|---|---|---|
| 9. | ***at least one sensor operable to sense*** at least one condition related to a driving environment and ***data providing information indicating at least one distracting feature for at least one software application*** ('994 Patent, claims 1 and 9) | SDT objects to this element as having multiple terms which may require construction – Plain and Ordinary meaning in view of the specification and other claim terms. SDT and Ford will continue to meet and confer on this claim term. | '108 Patent 19:10-21:7.<br><br>Provisional 60336293 pages 48-53.<br><br>Figs. 3-5 and associated description. | Indefinite as to the scope of a "sensor" to sense "data" (as distinct from "at least one condition"); there is no description of a sensor sensing "data" in the specification. SDT and Ford will continue to meet and confer on this claim term. | '994 Patent specification and claims.<br><br>Any intrinsic evidence relied on by Plaintiff. |

7

| | |
|---|---|
| Dated: January 4, 2022 | Respectfully submitted, |
| FARNAN LLP | PINCKNEY, WEIDINGER, URBAN & JOYCE LLC |
| /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 777-0300<br>Facsimile: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com | /s/ Helena C. Rychlicki<br>Helena C. Rychlicki (DE No. 3996)<br>2 Mill Road, Suite 204<br>Wilmington, Delaware 19806<br>Main: (302) 504-1497<br>Fax: (302) 442-7046<br>hrychlicki@pwujlaw.com |
| OF COUNSEL: | OF COUNSEL: |
| Michael E. Shanahan<br>YK LAW LLP<br>32 E. 57th Street, 8th Floor<br>New York, NY 10022<br>T.: 646-286-9286<br>pattman2@gmail.com<br>skaliko@yklaw.us | John S. LeRoy<br>Christopher C. Smith<br>Reza Roghani Esfahani<br>BROOKS KUSHMAN P.C.<br>1000 Town Center, 22nd Floor<br>Southfield, Michigan 48075-1238<br>(248) 358-4400<br>jleroy@brookskushman.com<br>csmith@brookskushman.com<br>resfahani@brookskushman.com |
| *Attorneys for Plaintiff Safe Driving Technologies, LLC* | *Attorneys for Defendant Ford Motor Company* |